UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

ROBERT PUGH III,

                Plaintiff,           **MEMORANDUM & ORDER**
                                        21-CV-5072(EK)(MMH)

        -against-

REVERSE MORTGAGE SOLUTIONS, INC. et al.,

                Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

      Plaintiff Robert Pugh III, proceeding *pro se*, filed this lawsuit in the New York Supreme Court, ostensibly seeking to quiet title under state law to property located in Queens. Defendants removed the action based on diversity jurisdiction. Pugh now moves to remand the case.

      Because this Court lacks subject-matter jurisdiction over this action, the motion to remand is granted.

## I.  Background

      In his complaint, Pugh asserts "proprietary and equitable monetary interests" in the Far Rockaway, New York property at issue.  Compl. ¶¶ 3–5, ECF No. 1-1.  He alleges that Defendants, which appear to be mortgage companies and affiliated entities, "unlawfully divested and monetized" his "equitable financial interest by engaging in the odious act [sic] fraudulent conveyance of his interests."  *Id.* ¶ 7.  His

allegations appear to be premised on a February 16, 2016 assignment of a mortgage on the property from Mortgage Electronic Registration Systems, Inc. to Reverse Mortgage Solutions, Inc. Assignment of Mortgage 15, ECF No. 1-1, Ex. B.

Defendants removed the case to this Court based on diversity jurisdiction.  Notice of Removal ¶¶ 13–20, ECF No. 1. Pugh then filed a motion to remand for lack of subject matter jurisdiction and for procedural error.  Mot. to Remand to State Court, ECF No. 12.

## II.  Discussion

A federal district court may entertain a lawsuit only when it has both the "statutory [and] constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court."  *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997).  Because Defendants removed this case, they therefore bear the burden of establishing subject-matter jurisdiction. *Id.*

Where there is a "failure of subject matter jurisdiction," 28 U.S.C. § 1447(c) "directs that the case shall be remanded."  *Mignoga v. Sair Aviation, Inc.*, 937 F.2d 37, 41 (2d Cir. 1991); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

2

subject matter jurisdiction, the case shall be remanded.").  The Court lacks subject-matter jurisdiction here because Pugh lacks Article III standing to pursue his claims.

Article III standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To establish Article III standing, a plaintiff must establish three elements: (1) injury-in-fact, meaning "an actual or imminent" and "concrete and particularized" harm to a "legally protected interest"; (2) causation of the injury; and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

Pugh has not met the first element — the existence of a cognizable injury-in-fact.  A plaintiff must allege an injury that is more than speculative; allegations of merely "conjectural or hypothetical" harm do not suffice. *Lujan*, 504 U.S. at 560 (internal quotations omitted); *see also United States v. Probber*, 170 F.3d 345, 349 (2d Cir. 1999) (plaintiff lacked standing when "injuries [were] too speculative to satisfy the case-or-controversy requirement of Article III").  Moreover, as a general rule, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499.

3

Here, Pugh has not made clear what the nature of his alleged "equitable financial interest" in the property is.  He indicates that his "proprietary and equitable monetary interests and standing to bring this action are derived from a lawfully recorded Deed which is incorporated herein as EXHIBIT A." Compl. ¶ 5.  However, Exhibit A to Pugh's complaint is a 1976 deed from Gladys Morris to Robert Pugh, Jr. and Gladys Pugh. Deed 11–12, ECF No. 1-1, Ex. A.  The name Robert Pugh III appears nowhere in that document.  Nor does that name appear in the document assigning the mortgage to Reverse Mortgage Solutions, Inc.  *See* Assignment of Mortgage 14–17, ECF No. 1-1, Ex. B.

Because Pugh has not alleged that he has suffered (personally) any injury-in-fact, and the Defendants have not met their burden to show that Pugh has standing,[1] this Court lacks subject-matter jurisdiction over the case.  *See, e.g.*, *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020). Accordingly, the case must be remanded.  *See* 28 U.S.C. § 1447(c); *Mignoga v. Sair Aviation, Inc.*, 937 F.2d 37, 41 (2d Cir. 1991); *Riveredge Owners' Ass'n v. Town of Cortlandt, Inc.*,

---

[1] At least one Defendant has taken the position that Pugh lacks standing in this case.  Letter Mot. for Pre-Mot. Conference by Liberty Home Equity Solutions, Inc. 2-3, ECF No. 8.  Moreover, this Court has dismissed multiple complaints filed by Pugh regarding the same property for lack of standing. *See* Docket Order, *Pugh v. Reverse Mortg. Sols., Inc.*, No. 18-CV-1705 (E.D.N.Y. May 24, 2022).

No. 16-CV-5665, 2016 WL 7392218, at *2–3 (S.D.N.Y. Dec. 21, 2016) (remanding case where removing party lacked standing).[2]

### III.  Conclusion

For the foregoing reasons, this case is remanded to the Supreme Court of the State of New York, Queens County.  The Clerk of Court is respectfully directed to remand the action, send a certified copy of this Order to the Clerk of that court, and close this case.

SO ORDERED.


                                    /s/ Eric Komitee
                                    ERIC KOMITEE
                                    United States District Judge

Dated:    May 24, 2022
          Brooklyn, New York

---

[2] Although the Second Circuit in *Mignoga* stated that "remand might be improper if it would be futile," 937 F.2d at 41, it has since recognized the Supreme Court's has suggestion that such a "futility exception" does not exist.  *See Barbara v. N.Y. Stock Exch., Inc.*, 99 F.3d 49, 56 n.4 (2d Cir. 1991) ("[I]t should be noted that the Supreme Court, in commenting upon the possibility of such an exception, took "note of the literal words of § 1447(c), which, on their face, give no discretion to dismiss rather than remand an action.'" (quoting *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (alterations accepted)), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016).  In any event, standing in New York state courts law is not necessarily coterminous with Article III standing.